c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| D&J INVESTMENTS OF CENLA, L.L.C., *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:23-CV-00508 |
| VERSUS | JUDGE JOSEPH |
| BAKER HUGHES, A GE COMPANY, L.L.C., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 17) filed by Plaintiffs[1] for

lack of diversity jurisdiction.  This is the second time this case has been removed to

---

[1] On February 16, 2023, Plaintiffs filed a Second Supplemental and Amending Petition for Damages to add new plaintiffs. ECF No. 1-1 at 128. Plaintiffs include:  D&J Investments of Cenla, L.L.C., Deborah H. Greer, James W. Greer, Jr., Daniel L. Webb, Jim Adams, Darwin Oliver Arrington, Richard Bardwell, James Benedict, Cassandra S. Carmouche, Michael S. Cerami, David W. Chesser, Sr., Emural Cook, Jack Cooper, Jr., Sherry S. Daniels, Latonnia G. Downs, Teresa B. Drexel, Gary K. Ermatinger, Sandra J. Fountain, Peter W. Gardner, Andre Garsaud, Ellen Gaspard, Susan C. Gauthier, Johnny Gilley, Michael Guillory, James Hodge, Jennifer Long, Derrick J. Malone, individually and on behalf of Rapides Investments, L.L.C., James A. Methvin, Shane Morgan, Sandra Nagle, Ellis Nick, Amy Overfield, Mark A. Peterson, Sandra K. Shirah, Charles M. Smith, Bridget R. Taylor, Sherry J. Taylor, Nicholas E. Thompson, Clyde M. Todd, Jr., John S. Tucker, Angela Waggener, Arthur Waller, Denise White, Randy L. Wilkerson, Colfax Banking Co., Inspirational Properties L.L.C., Autumn Shirah, Adam McCoy, Robert A. Ray, Joe W. Aguillard, Kenneth Roy, Trustee of Kenneth Gerard Roy and Susan Marie Falcon Roy Living Trust, Mark A. Crawford, Sharon Darlene Powell, Brian Buckoski, Olde Oak Home, L.L.C., Catherine Shevnin, Terry D. Mitchell, John L. Milliner, Robert E. Barfield, Johnnie Rodgers, Mark H. Lacroix, Donald L. Fuhrmann, Sr., Donald L. Fuhrmann, Jr., Dennis C. Ward, Trustee for Dennis Creighton Ward and Barbara Jane Ward Living Trust, Robin L. Eddlemon, Randal A. Marino, Jerry George, Steven C. Cook, Stewart D. Henagan, Raymond Stewart, Pauline H. Givens, Jason O'Neal, William F. Hocke, William R. Woodward, Jr., Jill Reid, Casey Henagan, Jodi Vanhuis, Marek Marcantel, Karen K. Guillory, Daniel J. Cayse, Benjamin J. Colvin, Jason L. Tarver, Roger H. Corley, and Travis Land Co., L.L.C. (collectively, "Plaintiffs").

this Court. This motion, Plaintiffs argue that: (1) the United States Court of Appeal for the Fifth Circuit has already determined that this Court lacks diversity jurisdiction; (2) Stantec's second notice of removal fails to establish newly discovered facts not available at the time of first removal; and (3) the second removal is untimely. ECF No. 17-1 at 21. Defendants[2] oppose.[3] ECF Nos. 19, 20, 21, 22.

The state court severance was "other paper" under § 1446(b)(3), and Stantec's second removal was filed within 30-days of the state court severance. Defendants show Plaintiffs acted in bad faith to prevent removal sufficient to seek a second removal outside of the one-year bar. And Stantec's filing of a second removal was not objectively unreasonable. Thus, Plaintiffs' Motion to Remand (ECF No. 17) should be DENIED.

## I.    Background

On July 30, 2020, Plaintiffs filed suit in state court.[4] ECF Nos. 1 at 1, 1-1. Plaintiffs named Defendants and the Louisiana Department of Environmental Quality ("LDEQ"). ECF No. 1-1.

---

[2] Dresser, L.L.C., Dresser RE, L.L.C., Baker Hughes, a GE Company, L.L.C. (now known as Baker Hughes Holdings L.L.C., Baker Hughes Energy Services, L.L.C., and GE Oil & Gas L.L.C. (now known as Baker Hughes Energy Services, L.L.C.) (collectively, "Dresser"); Halliburton Energy Services, Inc. ("Halliburton"); Stantec Consulting Services, Inc. ("Stantec"); GHD Services, Inc. ("GHD") (collectively, "Defendants").

[3] Defendants joined in Stantec's Opposition (ECF No. 19) and incorporated it as their own. ECF Nos. 19, 20, 21, 22. Thus, any argument raised in the Opposition will be referenced collectively as "Defendants."

[4] Plaintiffs also filed a First and Second Supplemental and Amending Petition for Damages (collectively, the "Complaint"). ECF No. 1-1.

The litigation arises from alleged property damage and personal injury sustained by landowners in both Rapides Parish and Grant Parish stemming from operations at an industrial valve manufacturing facility located in Pineville, Louisiana (the "Dresser Facility"). ECF No. 1-1. Plaintiffs contend that, for the approximately 50 years during which the Dresser Facility was in operation, solvents, cutting oils, acids, and caustics were disposed of improperly – thereby causing groundwater and soil contamination to their properties. *Id.*

On September 10, 2020, Halliburton removed based on diversity jurisdiction, asserting LDEQ was improperly joined because Plaintiffs could not sustain a cause of action against LDEQ. ECF Nos. 1 at 2, 17-1 at 8; *see also* ECF No. 1, Civil Action No. 1:20-cv-01174, *D&J Investments of Cenla, L.L.C., et al. v. Baker Hughes, a GE Co., L.L.C., et al.*

On November 18, 2020, the Court denied remand, and LDEQ was dismissed without prejudice. ECF Nos. 49, 61, Civil Action No. 1:20-cv-01174, *D&J Investments of Cenla, L.L.C., et al. v. Baker Hughes, a GE Co., L.L.C., et al.* Plaintiffs appealed.[5]

---

[5] On March 22, 2021, Plaintiffs filed a declaratory judgment action against LDEQ in the 19th Judicial District Court. ECF No. 19-1 at 6. Plaintiffs alleged in the action that this Court dismissed their claims against LDEQ holding that they did not have a cognizable claim against LDEQ because it owed no duty to notify or warn Plaintiffs under La. Civ. Code art. 2315. *Id.* at 10. Plaintiffs sought a declaratory judgment that LDEQ owed a duty to warn and breached that duty. *Id.* at 11.

Defendants allege Plaintiffs were clear to this Court that their sole intention was to undermine this Court's jurisdiction and remand to state court. ECF Nos. 19 at 6, 19-2 (stating at a status conference that depending on the 19th Judicial District Court's ruling, they would amend to add LDEQ back in and ask to be remanded). On Defendant Halliburton's motion, this Court enjoined the state court proceeding and certified its ruling on Plaintiffs' motion to remand as a partial final judgment under Fed. R. Civ. P. 54. ECF Nos. 106, 130, Civil Action No. 1:20-cv-01174, *D&J Investments of Cenla, L.L.C., et al. v.*

The Fifth Circuit reversed and remanded, holding that Defendants failed to meet their burden of establishing that LDEQ was improperly joined, and that Louisiana "may" recognize Plaintiffs' claims against LDEQ.   *See also D&J Investments of Cenla, L.L.C. v. Baker Hughes*, 52 F.4th 187, 198 (5th Cir. 10/17/2022).  On December 7, 2022, following the Fifth Circuit judgment, this case was remanded to the 35th Judicial District Court, Grant Parish.  ECF No. 17-1 at 10; *see also* ECF No. 182, Civil Action No. 1:20-cv-01174, *D&J Investments of Cenla, L.L.C., et al. v. Baker Hughes, a GE Co., L.L.C., et al.*

On April 3, 2023, on Defendants' Exceptions of Improper Venue, the 35th Judicial District Court held that the only appropriate venue for Plaintiffs' claims against LDEQ is in East Baton Rouge Parish.  ECF Nos. 1 at 2, 1-2 at 8, 19 at 7, 19-5.  The state court severed Plaintiffs' claims against LDEQ and transferred those claims to the Nineteenth Judicial District Court.[6]  *Id.*

On April 18, 2023, Stantec filed a second Notice of Removal, asserting LDEQ is no longer a defendant and there is complete diversity among Plaintiffs (who are citizens of California and Louisiana) and the remaining Defendants (who are citizens of Colorado, Delaware, New York, Texas, and the Netherlands).  ECF No. 1 at 2-6.  Stantec asserts LDEQ's former presence is irrelevant for purposes of diversity

---

*Baker Hughes, a GE Co., L.L.C., et al.*  The Fifth Circuit vacated the injunction. *See D&J Investments of Cenla, L.L.C. v. Baker Hughes*, 52 F.4th 187, 198 (5th Cir. 10/17/2022).

[6] Plaintiffs allege they filed a notice of intent to seek supervisory review.  ECF No. 17-1 at 10.  Plaintiffs also filed a pending motion to transfer venue of their claims against LDEQ from the 19th Judicial District Court to the 35th Judicial District Court. *Id.* at 11.

jurisdiction. *Id.* at 6 (citing *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 817 (5th Cir. 2021)).

Plaintiffs now seek remand, arguing that the Fifth Circuit's 2022 opinion permanently forecloses any subsequent consideration of original jurisdiction, and that there is no new factual basis for a second removal. ECF No. 17-1. Plaintiffs further argue that the second removal is untimely. *Id.*

## II.    Law and Analysis

### A.    Remand is required if the federal court lacks subject matter jurisdiction.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is on the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Scarlott*, 771 F.3d at 887 (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013)). Any doubts as to removal must be construed in favor of

remand.  *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), *cert. den.*, 530 U.S. 1229 (2000) (citing *Willy*, 855 F.2d at 1164).

**B.    Jurisdiction is examined at the time of removal.**

It is undisputed that the remaining parties are completely diverse, and that the amount in controversy exceeds the jurisdictional threshold.  However, the parties dispute whether a second removal is procedurally proper based on diversity jurisdiction following the state court severance of LDEQ.

Plaintiffs argue that once a case is removed, the case cannot be removed again on the same grounds.  ECF No. 17-1 at 12.  Plaintiffs argue Stantec fails to allege any new facts, nor any changed circumstances in the state action, which could vest this Court with jurisdiction.  *Id.*  Plaintiffs contend that Stantec's second removal is based upon identical underlying grounds as the first removal.  *Id.*

Plaintiffs further state that "when diversity of citizenship is the basis of removal, diversity must exist not only at the time the action was *filed* in the state court, but also at the time the case is *removed* to federal court."  ECF No. 17-1 at 12 (emphasis added by Plaintiffs).  Thus, Plaintiffs assert the traditional time-of-filing rule establishes that neither original jurisdiction nor diversity jurisdiction existed when this action commenced on July 30, 2020.  *Id.* at 13.

Defendants argue that when the nondiverse party is misjoined and the state court severs the improperly misjoined nondiverse party, "the case becomes removable."  ECF No. 19 at 7 (citing *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 817 (5th Cir. 2021)).  Defendants assert that is precisely what happened here.

*Id.* at 8. Defendants contend Plaintiffs' contention is a misstatement of law, as diversity jurisdiction is determined as of the time of removal, not at the time of filing. ECF No. 19 at 8 (citing cases stating that jurisdictional facts are determined at the time of removal). Defendants assert that when a nondiverse party is improperly misjoined, the Fifth Circuit instructs a removal framework in which Defendants move to sever those claims before removal, and "either the state court grants the motion, and the case becomes removable or it denies the motion and the case remains non-removable." *Id.* at 9 (citing *Williams*, 18 F.4th at 817).

The federal removal statute permits a defendant to remove any civil action filed in state court to federal court where the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). When jurisdiction is based on diversity, however, a defendant may remove only if none of "the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Generally, a defendant must file a notice of removal within thirty (30) days of its receipt of an "initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). When "the case stated by the initial pleading" does not provide grounds for removal, defendants may remove the action "within thirty days after receipt . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

However, "[n]othing in § 1446 forecloses multiple petitions for removal." *Ashford v. Aeroframe Servs.*, 2020 WL 6948088, at *9 (W.D. La. May 29, 2020), *report and recommendation adopted*, 2020 WL 6947844 (W.D. La. July 2, 2020); *see also Brown v. Protective Ins. Co.*, 2020 WL 3604229, at *4 (E.D. La. Jul. 2, 2020) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996)) ("[t]he mere fact that a case was previously removed and remanded does not automatically preclude a subsequent removal."); *Browning v. Navarro*, 743 F.2d 1069, 1079-80, n.29 (5th Cir. 1984) (recognizing a defendant's right to seek subsequent removals after remand). "Courts must nevertheless be careful to avoid the indirect appeal or ostensible reconsideration of a prior remand order in a second removal attempt." *Odar v. Felix Energy Holdings II LLC*, 2022 WL 1115407, at *3 (W.D. Tex. Apr. 12, 2022), *report and recommendation adopted*, PE:21-CV-079-DC, 2022 WL 1514644 (W.D. Tex. May 13, 2022); *see also* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]"); *Leininger v. Marriott Int'l Inc.*, No. SA-21-CV-01160-JKP, 2022 WL 199272, at *4 (W.D. Tex. Jan. 21, 2022) (noting that the Fifth Circuit follows a "liberal allowance of subsequent removals").

Section 1446(b) allows a defendant to remove a previously remanded case where subsequent pleadings or events reveal a new and different basis for removal. *See S.W.S. Erectors, Inc.,* 72 F.3d at 492; *see also Ashford*, 2020 WL 6948088, at *9 (citing *Sweet v. United Parcel Service, Inc.*, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009) ("As a result, successive notices of removal must generally 'be based on

information not available at the prior removal."). Thus, a defendant is only precluded from seeking a second removal on the same ground, meaning by referring to the same pleading or event that formed the basis of the initial removal. *S.W.S. Erectors, Inc.,* 72 F.3d at 492. "The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." *Id.* (citations omitted). Thus, a second removal is permitted when a new pleading or event provides a new factual basis for removal. *Id.* at 493–494.

Further, a defendant must file a notice of removal in the district court within 30 days after receipt of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is or has become removable. *Id.* at 494; *see* 28 U.S.C. § 1446(b)(3). However, the Fifth Circuit has indicated that generally "the 'other paper' conversion requires a *voluntary act by the plaintiff*." *Id.* (citation omitted) (emphasis in original).

Plaintiffs are not incorrect in summarizing the jurisprudence governing diversity removals. Specifically, the Fifth Circuit holds that "diversity of citizenship must exist *both* at the time of filing in state court *and* at the time of removal to federal court." *See Ashford v. Aeroframe Services, L.L.C.,* 907 F.3d 385, 386-387 (5th Cir. 2018) (citing *Coury v. Prot*, 85 F.3d 244, 248–49 (5th Cir. 1996) (emphases added)); *see also In re Levy,* 52 F.4th 244, 246 (5th Cir. 2022).

However, Fifth Circuit "precedent [also] makes clear that we look at jurisdiction at the time of removal." *See Moss v. Princip*, 913 F.3d 508, 513-15 (5th

Cir. 2019) ("Diversity jurisdiction rests on the facts that exist at the time of removal."); *see also St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint."); *Ebeling v. Scottsdale Ins. Co.*, 2008 WL 4974804, at *2 (E.D. La. Nov. 19, 2008) (citing *Gebbia v. Walmart Stores, Inc .,* 223 F.3d 880, 883 (5th Cir. 2000)) ("Jurisdiction is fixed at the time of removal, and the jurisdictional facts supporting removal are examined as of the time of removal."); *see also Williams v. Homeland Insurance Co. of New York*, 18 F.4th 806, 816 (5th Cir. 2021) (finding that the doctrine of fraudulent misjoinder "upends [the] rules on removal" pursuant to which the court "look[s] at jurisdiction at the time of removal, not after a federal court severance")

Moreover, in assessing a second removal, "it is the facts *at the time the second removal occurred* that matter for determining diversity." *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F.Supp.3d 743, 751 (S.D. Ohio 2022) (citing *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782–83 (7th Cir. 1999) (noting that, while "[a] premature removal may lead to a perfectly justified remand," that initial remand order may be "revisited . . . when intervening events justify")). "To generalize that a bit, when facts arise that provide a new basis for seeking removal, it is the facts that exist at the time of the second removal that control for jurisdiction purposes." *Id.; see also S.W.S. Erectors, Inc.*, 72 F.3d at 492; *Ashford*, 2020 WL 6948088, at *9.

Thus, the Court must examine the jurisdictional facts at the time of the second removal.

**C.** **The state court severance serves as "other paper" as defined by § 1446(b)(3) triggering a 30-day removal period.**

Plaintiffs further assert the 35th Judicial District Court order severing their claims is not an "order" or "other paper" contemplated by the statute because it did not arise from a voluntary act of the Plaintiffs.  ECF No. 17-1 at 18-19.

Plaintiffs contend that the Fifth Circuit in *Williams* based their holding on *Crockett* where the Fifth Circuit recognized an exception to the voluntary-involuntary rule "where a claim against a non-diverse or in-state defendant is dismissed on account of *fraudulent joinder*." ECF No. 23 at 3 (citing *Crocket*, 436 F.3d at 532).  However, Plaintiffs assert that the finding in *Williams* is distinguishable because, here, LDEQ was not dismissed based upon fraudulent joinder and so the voluntary-involuntary rule remains applicable.  *Id.*

Defendants assert Plaintiffs misrepresent that the state court severance order is not "other paper."  ECF No. 19 at 9 (citing *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 296 (5th Cir. 2019); 28 U.S.C. § 1446(b)(3)).  Defendants contend that the Fifth Circuit treats the "voluntary-involuntary rule" upon which Plaintiffs rely as "inapplicable" in this circumstance.  *Id.* at 9-10.

In *Hoyt v. Lane Constr. Corp.*, the beneficiaries of a decedent who perished in a car accident sued several construction companies, alleging the companies caused the icy conditions that led to the accident.  *Hoyt*, 927 F.3d at 291.  Plaintiffs voluntarily dismissed their claims against one defendant and a second defendant was

11

dismissed on summary judgment. *Id.* at 291-92. The remaining defendant removed. *Id.* at 292. The Fifth Circuit held that "[w]hen a state court order creates diversity jurisdiction, and that order cannot be reversed on appeal, [Fifth Circuit] precedent treats the voluntary-involuntary rule as inapplicable." *Id.* at 297.

Defendants argue that *Williams* (which post-dates *Hoyt*) makes no mention of the requirement that a state court severance order be unreversible on appeal. ECF No. 19 at 10. Regardless, if that element still is a requirement, Defendants assert the Court must determine whether there is a reasonable possibility the state court order could be reversed on appeal. *Id.* at 10, n.16 (citing cases). Defendants assert the state court order is not reversible, as it is black-letter Louisiana law that claims against a state agency arising from administrative acts may only be brought in East Baton Rouge Parish, and they assert Plaintiffs failed to timely seek a supervisory writ on the trial court's order severing the claims. *Id.* Defendants further argue that a finding in state court that a nondiverse defendant was misjoined is equivalent, under federal law, to a finding of improper joinder. *Id.* at 11.

However, Defendants acknowledge neither *Williams* nor *Hoyt* dealt with a second removal on new grounds following remand on other grounds. *Id.* at 11, n.17. Defendants posit that these circumstances implicate timeliness rather than procedure. *Id.* Defendants contend that in the state action below, they moved to sever LDEQ as procedurally misjoined, which the state court agreed. *Id.* at 11. Defendants argue the state court order created diversity jurisdiction and Defendants removed within 30 days of the order. *Id.*

Notably, the defendants in *Williams* argued that the rule requiring defendants to seek a severance in state court first, and only then remove, presents its own problems. *Williams*, 18 F.4th at 817, n.14. The *Williams* defendants argued that seeking a severance "would force them to risk missing the 30-day removal deadline under Section 1446." *Id.* The Fifth Circuit rejected that argument, noting that the 30-day removal deadline does not start running until after the state court concludes the claims are misjoined and severs all non-diverse parties. *Id.* Just as the Fifth Circuit reversed with instructions to remand to state court to determine misjoinder in *Williams*, the same was done here. *See Williams*, 18 F.4th at 817 (acknowledging that the proper procedure for solving the question of misjoinder was for the removing defendant to be to "move[ ] to sever the claims in state court *and then* remove").[7]

The Fifth Circuit recognizes state court severance to address misjoinder can make a case removable notwithstanding the general rule that cases become removable based on the voluntary acts of the plaintiff. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006) (finding that the "voluntary/involuntary rule" does not bar a second removal after the state courts sever improperly joined claims asserted against non-diverse defendants thus creating diversity jurisdiction); *see also Williams*, 18 F.4th at 817;[8] *Lundquist v. J&J Exterminating, Inc.*, 07 CV 1994, 2008 WL 1968339, at *3 (W.D. La. May 2, 2008); *Villalobos v. Hudson Ins. Co.*,

---

[7] Notably, the *Williams* decision, released on November 30, 2021, was issued before the Fifth Circuit reversed and instructed to remand this action on October 17, 2022. *See also D&J Investments of Cenla, L.L.C. v. Baker Hughes*, 52 F.4th 187, 198 (5th Cir. 10/17/2022).

[8] However, in *Williams* the Fifth Circuit held that "federal court severance does not (and cannot) create jurisdiction that otherwise would not exist." *Williams*, 18 F.4th at 817.

2022 WL 4594029, at *4 (W.D. Tex. Sept. 29, 2022), *report and recommendation adopted*, 2022 WL 17816295 (W.D. Tex. Oct. 20, 2022) (noting that since *S.W.S. Erectors*, district courts have found that other acts or events not predicated upon the plaintiff's voluntary act can constitute "other paper").

Here, the state court severed all of Plaintiffs' claims against LDEQ from this suit and transferred them to the Nineteenth Judicial District Court on April 3, 2023. ECF No. 19-6. Thus, a new and separate suit was created in the Nineteenth Judicial District Court for Plaintiffs' claims against LDEQ. *See* ECF No. 19-8, Motion to Transfer Venue, *D&J Investments of Cenla, LLC, et al v. Baker-Hughes, a GE Company, et al.*, Civil Action No. C-730821 (19th Judicial District Court, East Baton Rouge Parish, May 11, 2023).[9] It is undisputed that the remaining claims before this Court on second removal are against completely diverse parties. The originally nonremovable lawsuit becomes removable if a sufficient "other paper" presents itself, from which jurisdiction "is 'unequivocally clear and certain' from the document." *Bradley v. Wal-Mart Stores*, 2021 WL 6751667, at *3 (M.D. La. Nov. 18, 2021) (quoting *Boskey v. Kroger Tex., LP*, 288 F.3d 208, 2011 (5th Cir. 2002)), *report and recommendation adopted*, 2022 WL 264541 (M.D. La. Jan. 27, 2022)).

---

[9] The Court is not re-examining improper joinder at this juncture, as the parties are now before the Court in a different procedural posture due to the state court severance. Thus, the second removal is not "on the same ground" that formed the basis of the initial removal, but on the event – here, severance – that made the case removable. *S.W.S. Erectors, Inc.*, 72 F.3d at 492. Thus, Defendants are not precluded from seeking a second removal from the state court severance which provided a new basis for removal. *Id.*

The state court's April 3, 2023 severance order constituted "other paper" under § 1446(b)(3), thus triggering a 30-day removal period. As instructed in *Williams*, Defendants filed a second removal.[10] ECF Nos. 1 at 2, 1-2 at 8, 19 at 7, 19-5.

### D. The second removal was timely.

Plaintiffs contend that "if a diversity case was not originally removable but became removable by a subsequent event, the case would only be removable within 30 days of that event *only* if the removal is still within a year of the commencement of the action." ECF No. 17-1 at 17 (citing 28 U.S.C. § 1446(b)) (emphasis added by Plaintiffs). Plaintiffs state the second removal on April 18, 2023 was more than one year after this suit's commencement on July 30, 2020. *Id.* As such, Plaintiffs claim second removal is untimely. *Id.*

It is undisputed that the second removal was filed more than one year after commencement of this action. But, Defendants respond that Plaintiffs' bad faith allows removal beyond the general one-year bar on removal of diversity cases. ECF No. 19 at 12 (citing 28 U.S.C. § 1446(c)(1)). Defendants assert that "courts within the Fifth Circuit generally focus on whether or not the removing party demonstrates conduct by the plaintiff amounting to a manipulation of the removal statute." *Id.* (citing *Antie v. McBain*, 2021 WL 4244554, at *2 (W.D. La. Aug. 11, 2021)).

Defendants note that this Court, in its ruling on the injunction, "formally caution[ed] counsel that any further attempts to improperly undermine the authority

---

[10] "If the factual basis in the second removal was 'not deemed adjudicated' in the prior remand order, the subsequent removal, if timely, is proper." *See Villalobos v. Hudson Ins. Co.*, 2022 WL 4594029, at *4 (W.D. Tex. Sept. 29, 2022), *report and recommendation adopted*, 2022 WL 17816295 (W.D. Tex. Oct. 20, 2022) (citations omitted).

or jurisdiction of this Court may warrant remedial action." *Id.*; 19-3. Defendants argue that Plaintiffs attempts at keeping this case in state court were in bad faith. *Id.* at 13. Defendants reference the procedural history of the state and federal court litigation between this Court, the Thirty-Fifth Judicial District Court, and the Nineteenth Judicial District Court. Defendants point out Plaintiffs were reprimanded once already by this Court, and that their actions confirm they added LDEQ in bad faith. Plaintiffs admittedly did not seek service of LDEQ for more than a year after their case was filed, but did serve LDEQ in the other action in East Baton Rouge Parish. *Id.* at 13. Plaintiffs have taken no substantive action to pursue LDEQ following severance, instead asking to transfer the case against LDEQ back to Grant Parish in a collateral attack on the severance order. *Id.* Defendants assert Plaintiffs' continued gamesmanship is in bad faith, and is sufficient to overcome the one-year limitation on diversity removals. *Id.* at 14.

Generally, a defendant must file a notice of removal within thirty (30) days of its receipt of an "initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). When "the case stated by the initial pleading" does not provide grounds for removal, defendants may remove the action "within thirty days after receipt . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

A case may not be removed based on diversity jurisdiction more than one year after commencement of the action. *See* 28 U.S.C. § 1446(c)(1). However, § 1446(c)(1)

provides an exception to the one-year requirement for removing a case from state court where a court finds that plaintiff has acted in bad faith to prevent a defendant from removing the action. *Id.*

In reviewing a claim of bad faith, this Court has stated:

> In order to determine whether a plaintiff has acted in bad faith to prevent removal, "the question is what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant 'to prevent a defendant from removing the action.'" *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019) (emphasis in original) (citing 28 U.S.C. § 1446(c)(1)). "The determination of bad faith is left to the discretion of the district court, but 'the exception to the bar of removal after one year is limited in scope.'" *Rantz v. Shield Coat, Inc.*, Civ. No. 17-3338, 2017 WL 3188415, *5, (E.D. La. 7/26/2017) (citing *Bryson v. Wells Fargo Bank, N.A.*, Civ. No. 1:16-cv-28, 2016 WL 1305846, *4 (E.D. Tex. 3/31/2016)). "A finding of bad faith requires a 'transparent attempt to circumvent federal jurisdiction.'" *James v. Whitney*, Civ. No. 20-0203, 2021 WL 3044149, at *2 (W.D. La. 7/19/2021) (quoting *H & E Equip. Servs., Inc. v. URS Corp. Architecture, P.C.*, Civ. No. 18-690, 2018 WL 7625357, *3 (M.D. La. 12/21/2018)). "While there is no succinct Fifth Circuit standard for bad faith under § 1446(c)(1), courts within the Fifth Circuit generally focus on whether or not the removing party demonstrates conduct by the plaintiff amounting to a manipulation of the removal statute." *Antie v. McBain*, No. 6:21-cv-01460, 2021 WL 4244554, *2 (W.D. La. 8/11/2021) (citing *Rantz*, 2017 WL 3188415 at *5). The burden of showing that plaintiff acted in bad faith to prevent removal lies with the removing defendant. *See De Aguilar*, 47 F.3d at 1408.

*Levias v. State Farm Mut. Auto. Ins. Co.*, 2022 WL 3081199, at *3 (W.D. La. June 29, 2022), *report and recommendation adopted*, 2022 WL 3050393 (W.D. La. Aug. 2, 2022).

Here, Halliburton filed the first removal on September 10, 2020, based on diversity jurisdiction, premised on LDEQ being improperly joined. ECF Nos. 1 at 2, 17-1 at 8; *see also* ECF No. 1, Civil Action No. 1:20-cv-01174, *D&J Investments of Cenla, L.L.C., et al. v. Baker Hughes, a GE Co., L.L.C., et al.* Remand by Plaintiffs

17

was denied on November 18, 2020.  ECF Nos. 49, 61, Civil Action No. 1:20-cv-01174, *D&J Investments of Cenla, L.L.C., et al. v. Baker Hughes, a GE Co., L.L.C., et al.* Plaintiffs appealed.  As discussed herein, the Fifth Circuit reversed and remanded, holding that Defendants failed to meet their burden of establishing that LDEQ was improperly joined, and that Louisiana "may" recognize Plaintiffs' claims against LDEQ.  *See also D&J Investments of Cenla, L.L.C. v. Baker Hughes*, 52 F.4th 187, 198 (5th Cir. 10/17/2022).  The initially-removed case was remanded on December 7, 2022.  ECF No. 17-1 at 10; *see also* ECF No. 182, Civil Action No. 1:20-cv-01174, *D&J Investments of Cenla, L.L.C., et al. v. Baker Hughes, a GE Co., L.L.C., et al.*

The state court granted Defendants' Exception of Improper Venue on April 3, 2023, holding that the only appropriate venue for Plaintiffs' claims against LDEQ is in East Baton Rouge Parish.  ECF Nos. 1 at 2, 1-2 at 8, 19 at 7, 19-5, 19-6, 19-8.  The state court severed Plaintiffs' claims against LDEQ and transferred those claims to the Nineteenth Judicial District Court, where they appear to be presently pending. *Id.*  However, as noted above, Plaintiffs have now sought to transfer venue back to Grant Parish.  ECF No. 17-1 at 10-11.

With LDEQ claims being completely severed and transferred under a separate suit to another venue, Stantec sought a second removal on April 18, 2023, within 30 days of the severance order – "other paper."  ECF Nos. 1; *see* ECF No. 19-8, Motion to Transfer Venue, *D&J Investments of Cenla, LLC, et al v. Baker-Hughes, a GE Company, et al.*, Civil Action No. C-730821 (19th Judicial District Court, East Baton Rouge Parish, May 11, 2023).  The remaining parties are completely diverse, as

18

Plaintiffs are citizens of California and Louisiana and the remaining Defendants are citizens of Colorado, Delaware, New York, Texas, and the Netherlands.  ECF No. 1 at 2-6.

The second removal was timely filed within 30-days of "other paper," but outside of the one-year bar.  However, as is clear by the procedural history of this case and the filings among three different federal and state courts, Plaintiffs have continued "transparent attempt[s] to circumvent federal jurisdiction."  *Levias*, 2022 WL 3081199, at *3 (citation omitted).  This Court has once already admonished Plaintiffs concerning their clear objectives to force the action to state court and subvert the purposes of the removal statute.  *See* ECF No. 19-3.[11]  Plaintiffs were instructed concerning any further attempts to improperly undermine the authority or jurisdiction of this Court, subject to remedial action.  *Id.*  And Plaintiffs clearly have continued such efforts to circumvent federal jurisdiction, despite the state court severance after finding Plaintiffs' claims against LDEQ were not in the proper venue and were improperly cumulated. ECF No. 19-6 at 9.

The Court finds Defendants met their burden in showing Plaintiffs' bad faith conduct prevented timely removal.  Thus, the bad faith exception to the one-year removal deadline is applicable and Defendants' second removal was timely.

---

[11] The injunction containing the admonishment was reversed by the Fifth Circuit after finding the Defendants failed to meet their burden of establishing that LDEQ was improperly joined, and the Court lacked subject matter jurisdiction.  *See also D&J Investments of Cenla, L.L.C. v. Baker Hughes*, 52 F.4th 187, 198 (5th Cir. 10/17/2022).

### E. <u>Stantec was not objectively unreasonable in filing a second removal.</u>

Plaintiffs contend Stantec fails to raise a different ground for removal, instead raising the same ground the Fifth Circuit already considered and rejected. ECF No. 17-1 at 20. Thus, Plaintiffs assert the Court has discretion to award attorney's fees and costs when a second removal is not taken in good faith. *Id.* Plaintiffs seek sanctions, including costs, expenses, and attorney's fees, for Stantec's alleged delay of state court proceedings by seeking an improvident removal. *Id.* at 21.

Defendants argue they have an objectively reasonable basis for second removal as the Fifth Circuit has made clear that a state court order can serve as "other paper" opening a removal window. ECF No. 19 at 15. The undersigned agrees.

An order remanding a case certainly may require payment of just costs and any actual expenses, including attorney fees that are incurred because of the removal petition. 28 U.S.C. § 1447(c). However, absent unusual circumstances, courts may award attorney's fees under this statute "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290,293 (5th Cir. 2000). A fee award is inappropriate if the removing party "could conclude from [existing] case law that its position was not an unreasonable one." *Probasco v. Wal-Mart Stores Texas, L.L.C.*, 766 Fed.Appx. 34 (5th Cir. 2019) (citing *Valdes*, 199 F.3d at 293; *Omega Hosp., LLC v. La. Health Serv. & Indem. Co.*, 592 Fed.Appx. 268, 271 (5th Cir. 2014) (reversing an award of attorneys' fees "in light of authority from sister circuits arguably supporting" removal)).

20

Here, the undersigned recommended remand be denied.  And Defendants were objectively reasonable to file a second removal petition in accordance with *Williams*. Thus, Plaintiffs' request for costs, expenses, and attorney's fees should be denied.

## III.   Conclusion

Because the state court severance was "other paper" under § 1446(b)(3), and Stantec's second removal was filed within 30-days of the state court severance; because Defendants show Plaintiffs acted in bad faith to prevent removal sufficient to seek a second removal outside of the one-year bar; and because Stantec was not objectively unreasonable in filing a second removal;

IT IS RECOMMENDED that Plaintiffs' Motion to Remand (ECF No. 17) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 9th day of January 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE